2009 BNH 023
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 09-11671-MWV |
| | Chapter 11 |
| Charles Kenneth McLaughlin and | |
| Charletta Lee McLaughlin, | |
|         Debtors | |
| | |
| In re: | Bk. No. 09-11672-MWV |
| | Chapter 11 |
| Shamrock Builders, LLC, | |
|         Debtor | |
| | |
| In re: | Bk. No. 09-11673-MWV |
| | Chapter 11 |
| The Charles McLaughlin | |
| Family, LLC, | |
|         Debtor | |

*Peter V. Doyle, Esq.*
*SHAINES & MCEACHERN, P.A.*
*Attorney for Debtors*

*Thomas R. Walker, Esq.*
*WALKER & VARNEY P.C.*
*Attorney for People's United Bank*

## MEMORANDUM OPINION

      People's United Bank, d/b/a Ocean Bank, f/k/a Community Bank & Trust Company ("Ocean Bank"), has filed three motions for relief from the automatic stay under 11 U.S.C. § 362[1] for the purpose of foreclosing on properties owned by Charles and Charletta McLaughlin, Shamrock Builders, LLC ("Shamrock"), and The Charles McLaughlin Family, LLC (the "McLaughlin Family LLC") (collectively the "Debtors"). The majority of the properties involved are owned by Charles and Charletta McLaughlin. The remaining properties are owned by either Shamrock or the McLaughlin Family LLC. However, all

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

real estate involved in the current proceeding is controlled by Charles and Charletta McLaughlin. Accordingly, the Court will consider all of Ocean Bank's motions for relief together. Additionally, Charles and Charletta McLaughlin have filed a motion to avoid attachment against Ocean Bank pursuant to 11 U.S.C. § 547. On August 17, 2009, the Court held an evidentiary hearing on the motions and took all matters under advisement.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

Ocean Bank provided the Debtors with seven loans secured by thirteen properties (the "subject properties"). While each of the properties involved are owned by either Charles and Charletta McLaughlin, Shamrock, or the McLaughlin Family LLC, all of the properties are controlled by Charles and Charletta McLaughlin. On April 10, 2009, Ocean Bank obtained an attachment on bank accounts in Caroll County Superior Court in the amount of $500,000 against Charles and Charletta McLaughlin as well as owned entities Muffy Enterprises, LLC, Wakefield Builder, LLC, Balch Lake Dockominiums Association, and McLaughlin Family Revocable Trust, Charles and Charletta McLaughlin, trustees. The attachment was recorded on April 10, 2009, in the Caroll County Registry of Deeds. On May 5, 2009, the Debtors each filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code.

Ocean Bank now moves the Court to grant relief from the automatic stay under 11 U.S.C. § 362 so that it can continue with foreclosure proceedings on all of the subject properties. The Debtors object to the granting of relief on the grounds that the total value of all of the Debtors' properties provides an

ample equity cushion, such that Ocean Bank is not entitled to relief from stay.  Further, Charles and Charletta McLaughlin move the Court to avoid Ocean Bank's attachment obtained on April 10, 2009, as the transfer was made in violation of preference rights under 11 U.S.C. § 547.

## DISCUSSION

### I. Ocean Bank's Motions for Relief

Ocean Bank asserts a total debt owed from the Debtors in the amount of $1,673,078, with the properties securing the debt having a total value of $1,735,499 (Ex. 1).  The Debtors' listing prices of the subject properties total approximately $1,850,000 (Ex. 10).  Ocean Bank provided the Court with appraisals of several of the subject properties along with testimony from the appraiser, Nanci Stone-Hayes.  Ms. Stone-Hayes' testimony and the evidence presented showed that the appraisals were conducted in November 2008.  Ocean Bank's evidence showed the fair market value of the subject properties totaled approximately $2,216,999, but the liquidation value totaled approximately $1,710,749.  Although the fair market value was the amount assessed during the appraisal, Ms. Stone-Hayes believes the subject properties are currently worth far less.  Additionally, both Ms. Stone-Hayes and Ocean Bank assert that the liquidation value is the proper valuation of the subject properties.  Ocean Bank further contends that the subject properties, as listed by the Debtors, are overpriced.  Moreover, with the exception of two properties located at Acton Ridge Road, Wakefield, New Hampshire that have pending motions to sell, (Ct. Doc. Nos. 44 and 52 in bankruptcy case no. 09-11671-MWV) the subject properties have not received any offers in the last year that they have been listed.  Consequently, Ocean Bank believes relief is necessary because its interest is not adequately protected.

The Debtors provided evidence of the valuation of the subject properties and other estate properties based on the opinion of brokers and the testimony of Charles McLaughlin, who has ample background as both a real estate broker and owner.  Upon testimony and evidence, the Debtors believe that the value of all of the Debtors' properties total $3,482,724 (Ex. 100).  As such, the Debtors allege

that Ocean Bank has an equity cushion in excess of $1,800,000. See id. Charles McLaughlin also testified that the list prices of the subject properties were based on the fair market values provided by Ocean Bank's appraisals and the opinion of the Debtors' brokers. While Charles McLaughlin admitted that the fair market values were higher than the liquidation values, he believes the fair market values are more appropriate given that the Debtors are selling the subject properties on the free market.

Although the Debtors contend that Ocean Bank is protected by an equity cushion in excess of $1,800,000, that valuation includes properties other than the subject properties. Since the only properties that are the subject of the motions for relief are the properties subject to Ocean Bank's mortgages, the Court will not assess the equity provided by properties that are not covered by Ocean Bank's mortgages. As is typically the case, banks will contend that the proper valuation to consider is the liquidation value. On the other hand, debtors will claim that the proper valuation to take into account is the fair market value. In the present case, the Debtors' subject properties have a total listing price between $1,850,000 and $1,900,000.[2] Even if the Court were to give the Debtors the benefit of the doubt, and the Debtors were able to sell the subject properties at the listed prices, Ocean Bank is provided an equity cushion of $226,922 at best. This figure also does not take into account taxes, costs, and other fees associated with selling property, as well as the accrual of interest to the extent Ocean Bank is fully secured. Further, the subject properties provide little value and are not necessary for the Debtors' reorganization; the properties that make up the remainder of the Debtors' estates and are not subject to Ocean Bank's liens hold the necessary value for the Debtors' reorganization. Accordingly, the Court finds that Ocean Bank is not adequately protected and is entitled to relief from the automatic stay under § 362.

## II.   Charles and Charletta McLaughlin's Motion to Avoid Attachment

---

[2]Ocean Bank provided a chart stating the total listing price for all subject properties, along with the individual price listings of each subject property. However, adding Ocean Bank's provided number yielded a different result than what was listed on the chart. (Ex. 11). Additionally, Charles McLaughlin's testimony revealed that the listing prices for all subject properties totaled approximately $1,900,000. Without further information, the Court believes the total listing price of the subject properties is between $1,850,000 and $1,900,000.

Section 1107(a) provides that a debtor-in-possession stands in the shoes of a trustee having essentially all the same powers and duties. 11 U.S.C. § 1107(a). Section 547(b) allows the trustee to avoid, as a preference:

> any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>     (A) on or within 90 days before the date of the filing of the petition;
>     . . . .
> (5) that enables such creditor to receive more than such creditor would receive if—
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). "[T]he trustee has the burden of proving avoidability of a transfer under subsection (b) of this section[.]" Id. at § 547(g).

There can be no question that the obtained and recorded attachment, as it affects Charles and Charletta McLaughlin, was a transfer of an interest of the debtors in property. Pysz v. Hawkins (In re Pysz), 2008 BNH 004 (Bankr. D.N.H. 2004); Bova v. St. Vincent De Paul Corp. (In re Bova), 272 B.R. 49, 51 (Bankr. D.N.H. 2002). It is also undisputed that the transfer occurred within ninety days of the filing of the petition. Charles and Charletta McLauglin assert, and Ocean Bank admits, that the $500,000 attachment that took place on April 10, 2009, was for Ocean Bank's benefit, since it was obtained to "provide[ ] protection . . . to the bank." (Obj. to Mot. to Avoid Attachment ¶ 6).

Charles and Charletta McLaughlin also claim that the attachment was "on account of an antecedent debt." The Supreme Court's recent decision in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) heightened pleading requirements for claims for relief. Under Iqbal, a court must first determine whether the pleadings state more than mere conclusions. Iqbal, 129 S.Ct. at 1950. In order to show that a transfer was "for or on account of an antecedent debt" such that it constitutes a preference, this Court finds that

Iqbal requires the pleadings to assert facts relating to the nature and amount of the antecedent debt. In re Caremerica, Inc., 2009 WL 2227212 1,*9 (Bankr. E.D.N.C. 2009). While Ocean Bank has not raised the issue, the Court takes notice that Charles and Charletta McLaughlin provide no facts supporting their conclusory statement that the attachment was "on account of an antecedent debt." The issues that remain are whether Charles and Charletta McLaughlin were in fact insolvent at the time of the transfer, and whether Ocean Bank would receive more with the attachment than it would without the attachment in a Chapter 7 case .

### A. Insolvency

The term "insolvent" means "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation[,]" without considering property exempt under § 522. 11 U.S.C. § 101(32)(A); Pysz, 2008 BNH 004 at 4. "For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." § 101(32)(A); § 547(f). Ocean Bank bears the burden of rebutting this presumption. Bova, 272 B.R. at 51-52. "A creditor may rebut the presumption by introducing some evidence that the debtor was not in fact insolvent at the time of the transfer." Pysz, 2008 BNH 004 at 3 (quoting Roblin Indus., Inc. v. Ford Motor Co. (In re Roblin Indus., Inc.), 78 F.3d 30, 34 (2nd Cir. 1996)). Once a creditor rebuts the presumption by providing some evidence of solvency, the burden of proof shifts back to the debtor. See 11 U.S.C. § 547(f) advisory committee's note.

Pursuant to § 547(f), a presumption of insolvency exists. Ocean Bank attempts to rebut this presumption by asserting that Charles and Charletta McLaughlin's allegations of insolvency during the time of the attachment are not credible. Charles and Charletta McLaughlin claim that their solvency is evidenced by their inability to pay their debts on a regular basis. Ocean Bank's assertions are speculative and likely do not provide a sufficient showing of evidence to rebut the presumption. See Akers v. Koubourlis (In re Koubourlis), 869 F.2d 1319, 1322 (9th Cir. 1989). However, Charles and Charletta

McLaughlin's claim that they are unable to pay debts on a regular basis is not the test for insolvency in a preference action. See id. The proper test to evaluate solvency is the "balance sheet" test. Although Ocean Bank is required to provide evidence to rebut the presumption, the burden of proof remains on Charles and Charletta McLaughlin. Fed. R. Evid. 301. Charles McLaughlin's own exhibits and testimony rebut the presumption. Also, Charles and Charletta McLaughlin's schedules fail the balance sheet test by showing that their assets exceed their liabilities. See Koubourlis, 869 F.2d at 1322 (debtor's schedules showing assets greater than debts rebuts the presumption). Thus, the Court finds that Charles and Charletta McLaughlin were solvent during the ninety days preceding the filing of their bankruptcy petition.

### B. Greater Distribution under Chapter 7

In order to succeed on a preference claim, Charles and Charletta McLaughlin must also show that the attachment enables Ocean Bank to receive more than it would have if the case were a Chapter 7 liquidation. § 547(b)(5). "Whether section 547 is met turns on the status of the creditor to whom the transfer was made." (internal quotations omitted) Pysz, 2008 BNH 004 at 3 (quoting In re Boston Pub. Co., Inc., 209 B.R. 157, 173 (Bankr. D. Mass. 1997)). The answer is simple regarding unsecured creditors; "[a]s long as the distribution in bankruptcy is less than one-hundred percent, any payment . . . to an unsecured creditor . . . will enable that creditor to receive more than he would have received in liquidation . . . ." Id. However, Charles McLaughlin testified and offered evidence stating that the list prices on the subject property render Ocean Bank fully secured. Thus, the attachment has no effect on the amount Ocean Bank would receive in liquidation.

Accordingly, the Court finds that Charles and Charletta McLaughlin failed to prove all the elements of a preferential transfer subject to avoidance under § 547(b).

### CONCLUSION

For the reasons set out herein, the Court grants Ocean Bank's motions for relief (Ct. Doc. No. 20

in bankruptcy case no. 09-11671-MWV) (Ct. Doc. No. 15 in bankruptcy case no. 09-11672-MWV) (Ct. Doc. No. 15 in bankruptcy case no. 09-11673-MWV), and denies Charles and Charletta McLaughlin's motion to avoid attachment (Ct. Doc. No. 34 in bankruptcy case no. 09-11671-MWV).  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

DATED this 3rd day of September, 2009, at Manchester, New Hampshire.


/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge